FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 FEB 11 AM 10:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GARY LEON BROWN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WILLIE JOHNSON, )<br>Warden, Holman Unit; )<br>and BILL PRYOR, )<br>Attorney General of the )<br>State of Alabama, )<br>)<br>Respondents. ) | Case No. CV-95-C-1792-S<br><br>**ENTERED**<br><br>FEB 11 2000 |

## MEMORANDUM OPINION ON MOTION FOR EVIDENTIARY HEARING

Before the court is the Petitioner's Request for an Evidentiary Hearing.  This motion relates to the petitioner's Petition for Writ of Habeas Corpus in which he seeks relief from his Alabama state court murder conviction and death sentence.  For the reasons set forth below, the request for an evidentiary hearing is due to be denied.

### DISCUSSION

The petitioner has requested that the court conduct an evidentiary hearing on the claims contained in his habeas corpus petition, arguing that the court should exercise its discretion to hold an evidentiary hearing because the claims raised are compelling and raise important constitutional concerns.  He also

1

25

asserts that he is entitled to an evidentiary hearing because he was denied a full and adequate review in state court due to the alleged inadequacy of the fact-finding procedure and the alleged insufficiency of the evidence supporting the state court's determinations. Furthermore, he contends that the respondent's assertion of procedural default defenses necessitates an evidentiary hearing, apparently to explore cause and prejudice that may excuse the defaults.

In Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), the court held that an evidentiary hearing must be held on habeas claims where:

1. the merits of the factual dispute were not resolved in the state hearing;

2. the state factual determination is not fairly supported by the record as a whole;

3. the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing;

4. there is a substantial allegation of newly discovered evidence;

5. the material facts were not adequately developed at the state court hearing; or

6. for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Townsend, 372 U.S. at 313.[1]  The Eleventh Circuit has stated that

---

[1] In April of 1996, President Clinton signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which greatly narrows the circumstances in which a petitioner is entitled

2

"[a]n evidentiary hearing is necessary whenever a habeas petition alleges facts that, if true, establish his or her right to relief." Agan v. Dugger, 835 F.2d 1337, 1338 (11th Cir. 1987), cert. denied, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988). A habeas petitioner

> bears the burden of demonstrating facts sufficient to warrant an evidentiary hearing. Raulerson v. Wainwright, 732 F.2d 803, 813 (11th Cir.), cert. denied, 469 U.S. 966, 105 S. Ct. 366, 83 L. Ed. 2d 302 (1984). A court is not required to "blindly accept speculative and inconcrete claims" as a basis upon which a hearing will be ordered. Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir.1982) (citations omitted).

McLeod v. Dugger, 735 F.Supp. 1011, 1014 (M.D. Fla. 1990).

### A.   Court Discretion to Hold a Hearing

The petitioner argues that this court should use its discretionary authority to hold an evidentiary hearing on his claims. The court is not inclined to grant this request. The Rule 20 court held a hearing at which the petitioner was given an opportunity to and did present evidence in support of his claims. The record appears to provide a sufficient basis upon which to decide the issues.

### B.   Procedurally Defaulted Claims

The petitioner is not entitled to an evidentiary hearing on

---

to an evidentiary hearing. Because the petitioner is not entitled to an evidentiary hearing under the pre-AEDPA standards, the court does not address the applicability of the AEDPA to this case.

the merits of any habeas claim he has procedurally defaulted unless he can first overcome the procedural bar. Hill v. Jones, 81 F.3d 1015, 1023 (11th Cir. 1996), cert. denied, 519 U.S. 1119, 117 S. Ct. 967 (1997). This means he must show either (1) cause for failing to develop in state court proceedings the facts supporting his claim, and prejudice resulting from that failure, or (2) that the failure to hold a federal evidentiary hearing would result in a fundamental miscarriage of justice.[2] Id., citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12, 112 S. Ct. 1715, 1721, 118 L. Ed. 2d 318 (1992); Weeks v. Jones, 26 F.3d 1030, 1043 (11th Cir.1994), cert. denied, 513 U.S. 1193, 115 S. Ct. 1258, 131 L. Ed. 2d 137 (1995).

It appears that this court is barred by the procedural default doctrine from considering the merits of claims listed in the

---

[2]To show that a fundamental miscarriage of justice would result from a failure to hold an evidentiary hearing, the petitioner must make a showing of "actual innocence" as to the crime or as to his eligibility for the death penalty. In the guilt context, such a showing requires him "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808, 834 (1995). The petitioner has made no such showing. Neither has he made the requisite showing in the sentencing context: that but for a constitutional error at his sentencing hearing, no reasonable juror would have found him eligible for the death penalty under state law." Sawyer v. Whitley, 505 U.S. 333, 346-48, 112 S. Ct. 2514, 2522-23, 120 L. Ed. 2d 269 (1992). Given the brutality of the petitioner's offense, the evidence that it was committed in the course of a robbery, and the weakness of mitigation evidence, the petitioner was clearly eligible for the death penalty under state law.

Respondent's Brief on the Merits as B, C, E, F, G, H, I, J, K, L and M. The petitioner has failed to show that a fundamental miscarriage of justice would result from the failure to hold an evidentiary hearing on these claims, so he must instead show cause and prejudice to circumvent the procedural bar on the defaulted claims. Only then would he be entitled to an evidentiary hearing.

The petitioner asserts that he needs an evidentiary hearing to determine "[w]hether cause exists due to trial or appellate counsel's ineffectiveness, whether the default rules invoked against Petitioner by the State are regularly followed and consistently applied in such a way as to bar federal review, and whether the issues were in fact considered by Alabama courts on the merits at trial and on appeal." Petitioner's Request for an Evidentiary Hearing at 10.

"A petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists." Hill, 81 F.3d at 1023. Except for the claim of ineffective assistance as cause for his defaults, petitioner has offered no facts suggesting some other issue that might be explored at a hearing.

### 1. Ineffective Assistance as Cause

The petitioner has not offered, in his Request for an

Evidentiary Hearing, specific facts in support of the contention that ineffective assistance may have caused his procedural defaults. He raises a number of ineffective assistance claims in his Petition for Writ of Habeas Corpus, however. As is explained in the Memorandum Opinion addressing the petitioner's habeas claims (the "Habeas Opinion"), which is issued simultaneously herewith, the petitioner's ineffective assistance claims are meritless, and, consequently, no cause exists to excuse the procedural defaults. The petitioner was afforded a full and fair opportunity to develop the facts during the state court proceedings on his petition for post-conviction relief under Ala. R. Crim. P. 20.[3] To the extent that he failed to develop any material facts relating to these claims at that time, he has not shown cause for this failure to do so and is not now entitled to an evidentiary hearing in federal court to cure the evidentiary deficiency left in the state record. Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12, 112 S. Ct. 1715, 1721, 118 L. Ed. 2d 318 (1992).

      2.    **Failure to strictly and regularly follow state procedural default rules as cause**

The petitioner contends that the default rules invoked against him by the respondent are not regularly followed and consistently

---

[3] The petitioner filed his petition for post-conviction relief in state court pursuant to Rule 20 of the Alabama (Temporary) Rules of Criminal Procedure. That provision was enacted as a temporary rule effective April 1, 1987, but was later codified as Ala. R. Crim. P. 32.

applied in such a way as to bar federal review, but he has offered no specific facts to support this contention.[4] The petitioner has failed to adequately set forth facts that would support a finding that he falls within the cause and prejudice exception to the procedural default rule because of any failure of the state to strictly and regularly follow the state procedural default rules.

### 3. The state courts' alleged failure to consider the merits as cause

The petitioner asserts that he is entitled to an evidentiary hearing on the defaulted claims because the issues were not considered on the merits by the state courts at trial and on appeal, but he has failed to offer specific facts in support of this contention.[5] He has not demonstrated how the trial or appellate court caused the petitioner's procedural defaults by failing to consider issues raised before them. The petitioner has

---

[4] In his Reply Brief, the **petitioner argues that the state law rules barring his claims on post-conviction appeal are not "strictly and regularly followed,"** meaning that they are not "adequate" state grounds that would prevent this court from considering the merits. See Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. Ed. 2d 575, 585-86 (1988). The petitioner states no basis for this assertion, other than his statement that "the opinion of the Alabama Court of Criminal Appeals on post conviction review in this case indicates that the Alabama procedural rules are not `strictly and regularly' followed.'" (Petitioner's Reply Brief at 11). He does not state, and the court has been unable to determine, how the opinion supports his contention.

[5] Insofar as the petitioner intends to incorporate arguments from his habeas petition and supporting briefs, he would not prevail because those arguments are rejected in the court's Habeas Opinion issued simultaneously herewith.

not demonstrated that any such failure exists, much less that any such failure would entitle him to an evidentiary hearing.

### C. Claims Not Procedurally Defaulted

The petitioner argues that he is entitled to an evidentiary hearing because the state court allegedly employed a fact-finding procedure insufficient to afford him a full and fair hearing. He also complains that he was otherwise denied due process of law. In particular, he complains that (1) the state trial court failed to adequately resolve factual questions when it adopted the state's proposed findings of fact and conclusions of law in its ruling on the petitioner's Rule 20 petition, and (2) that the evidence was insufficient to support the state courts' determinations.

### 1. Adoption of Proposed Opinion by the State Court

The petitioner complains that the Rule 20 court did not consider his claims, that it simply adopted wholesale the state's proposed memorandum opinion. Although the Supreme Court has criticized the judicial practice of adopting one party's proposed findings of fact, it has refused to reject such findings as a matter of course. The Court stated as follows:

> We, too, have criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. See, e.g., United States v. El Paso Natural Gas Co., 376 U.S. 651, 656-657, 84 S. Ct. 1044,

8

>  1047-1048, 12 L. Ed. 2d 12 (1964); <u>United States v. Marine Bancorporation</u>, 418 U.S. 602, 615, n. 13, 94 S. Ct. 2856, 2866, n. 13, 41 L. Ed. 2d 978 (1974). We are also aware of the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. See J. Wright, <u>The Nonjury Trial--Preparing Findings of Fact, Conclusions of Law, and Opinions, Seminars for Newly Appointed United States District Judges</u> 159, 166 (1962). Nonetheless, our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. <u>United States v. Marine Bancorporation</u>, <u>supra</u>, at 615, n. 13, 94 S. Ct., at 2866, n. 13; <u>United States v. El Paso Natural Gas Co</u>., <u>supra</u>, 376 U.S., at 656-657, 84 S. Ct., at 1047-1048.

<u>Anderson v. City of Bessemer City, North Carolina</u>, 470 U.S. 564, 572, 105 S. Ct. 1504, 1510-11, 84 L. Ed. 2d 518 (1985). Because the trial court in <u>Anderson</u> had provided guidance to the party submitting the findings, had allowed the other party time to respond and had changed the proposed findings to some extent before adopting them, the Court found "no reason to doubt that the findings issued by the [trial court] represent the judge's own considered conclusions." <u>Anderson</u>, 470 U.S. at 572-73. The court then concluded that "[t]here is no reason to subject those findings to a more stringent appellate review than is called for by the applicable rules." <u>Id</u>. at 573.

Although <u>Anderson</u> is not a habeas case and was a case in which the findings of fact reviewed were those of a federal district court, not a state court, it teaches that findings of fact proposed by a party and adopted by a court are not to be rejected on that basis alone, or even to be subjected to a different standard of

9

review, unless there is "reason to doubt that the findings issued by the [trial] court represent the judge's own considered conclusions." Anderson, 470 U.S. at 573.

The Eleventh Circuit has also criticized the practice of allowing a party to "ghostwrite" orders, but has emphasized that "such orders will be vacated only if a party can demonstrate that the process by which the judge arrived at them was 'fundamentally unfair.'" In re Dixie Broadcasting, 871 F.2d 1023, 1030 (11th Cir.), cert. denied, 493 U.S. 853, 110 S. Ct. 154, 107 L. Ed. 2d 112 (1989). In refusing to vacate one such order, the Eleventh Circuit cited several reasons, including the fact that the court had requested a draft order in the presence of all counsel and the parties had ample opportunity to argue their case through briefs and oral argument. Id. at 1030. See also McBride v. Sharpe, 25 F.3d 962, 971 at n. 12 (11th Cir.), cert. denied, 513 U.S. 990, 115 S. Ct. 489, 130 L. Ed. 2d 401 (1994) (court rejected petitioner's contention that state habeas court's fact-finding procedure was inadequate simply because that court had adopted a proposed order drafted by the state).

In this case, there is no reason to doubt that the findings made by the Rule 20 court were product of the judge's "own considered conclusions" or that the process by which he arrived at that order was "fundamentally unfair." The parties had ample opportunity to present their arguments in briefs and oral argument. The petitioner submitted a lengthy memorandum brief on January 22,

10

1991. (Rule 20 594-728). The judge received the state's proposed memorandum opinion three days later, on January 25, 1991, and did not adopt it until almost a year afterward. (Rule 20 546, 391-429). The petitioner had ample time to draft and submit his own proposed opinion, or to submit specific objections to the state's proposed opinion, had he chosen to do so. The findings in the adopted opinion are not conclusory and are based upon record evidence.[6] The petitioner has not shown that the adopted opinion fails to represent the Rule 20 court's own considered conclusions or that the process by which the court arrived at the order was fundamentally unfair.

The court will therefore decline to treat the opinion of the Rule 20 court any differently than any other statement of fact finding by a court. Neither will the court view the adoption of the state's proposed opinion as proof that the Rule 20 court failed to adequately resolve factual questions. This court will apply the presumption of correctness to the findings of the Rule 20 court unless the petitioner can otherwise show why it should not, and no

---

[6] The petitioner complains that, although the trial court praised his family in its original sentencing opinion, it adopted the state's proposed opinion, which included findings that the testimony of his family members during the Rule 20 proceedings was not as credible or compelling as their testimony during trial. (Rule 20 401-02). There appears to be no inconsistency between the two opinions, which discuss testimony taken in two separate proceedings and which were issued nearly five years apart. The petitioner's complaint does not raise doubts about whether the adopted Rule 20 opinion represents the court's own considered conclusions or about whether the process by which the court arrived at the order was fundamentally unfair.

evidentiary hearing will be held as a result of the Rule 20 court's adoption of the proposed opinion.

   2. **Insufficiency of Evidence Supporting State Court Determinations.**

The petitioner has not alleged specific facts supporting his contention that insufficient evidence supports the state court determinations.[7] The Rule 20 court allowed for significant fact-finding at a hearing and in a separate deposition of one of the petitioner's trial attorneys. The Rule 20 transcript, in conjunction with the entire case record, appears to support the state court determinations.

## CONCLUSION

Accordingly, the Petitioner's Request for an Evidentiary Hearing is due to be and hereby is DENIED.

DONE this the 10th day of February, 2000.

                                   _____
                                   UNITED STATES DISTRICT JUDGE
                                   U.W. CLEMON

---

[7]Insofar as the petitioner intends to incorporate arguments from his habeas petition and supporting briefs, he would not prevail because those arguments are rejected in the court's Habeas Opinion issued simultaneously herewith.

12